IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


FILED
MAY 04 2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Darrin Wayne Shatner, )
      Petitioner )
      -v- ) NO.: 12-C-47
Mike Atchison, )
      Warden Menard C.C. ) The Honorable
) Edmond E. Chang
      Respondent ) Judge Presiding
)

## REPLY TO RESPONDENT'S RESPONSE TO PETITIONER'S REQUEST FOR A STAY

    Now comes the Petitioner by and through himself Pro-Se, respectfully requesting that this Honorable Court enter his Reply to Respondents Response to his Request for a Stay of his Habeas Petition.

### INTRODUCTION

    According to the Respondent, Petitioner is not entitled to a Stay because grounds 11, 12, 13, and 14 although not presented to the State Courts, they are in fact deemed exhausted and procedurally defaulted. Petitioner takes issues with the Respondents contention. The Respondent is in error when he states that Petitioner is to late to litigate his issues in State Court.

1.     Petitioner has met the requirements to overcome procedural default.

Petitioner, has completed one full round of direct appeals and one full round of filings and and appeals on his post conviction petition. Generally speaking, the Court has "Not interpreted the exhaustion doctrine to require prisoners to file repetitive petitions." O'Sullivan -v- Boerckel, 526 U.S. 838, 844 (1999). Pursuant to O'sullivan, Petitioner's claims therefore would be considered exhausted. yet because they rely on newly discovered evidence only recently uncovered by Petitioner, the evidence pertaining to the new evidence of Petitioner's Trial Attorney using drugs, as well as all that has come to light because of that drug use, as well s the newly discovered scientific evidence concerning the teen age human brain. Petitioner's claims are potentially subject to procedural default. See Crivens -v- Roth 172 F.3d 991, 995 (7th. Cir. 1995), (finding that Petitioner satisfied the exhaustion requirement despite raising new Brady claim, but that he was subject to procedural default).

A Petitioner is barred from raising a defaulted claim as a basis for federal Habeas Corpus relief unless he can (1) excuse the default by "Demonstrating cause for the default and actual prejudice as a result of the alleged violation of Federal law; or (2) show that the case falls within the category of cases that the United States Supreme Court has characterized as "fundamental miscarriage of justice." Coleman -v- Thompson, 501 U.S. 722, 750 (1991). Petitioner's claims satisfy both safety valves.

2. In his Habeas Petition Petitioner raised claims pertaining to newly discovered evidence. Although the Respondent contends that Petitioner cannot demonstrate "cause" and "prejudice" sufficient to overcome the hurdle of procedural default on these claims, such a contention is belied by the record.

The Courts have uniformly held that "cause" is satisfied where Counsel did not know and with reasonable diligence could not have discovered the factual predicate for the claim at the time of the alleged procedural default. See e.g., Strickler -v- Greene, 527 U.S. 263, 289-90 (1999). The Strickler Court explains, where the prosecution has suppressed evidence favorable to the defense, and thereby "impeded trial Counsel's access to the factual basis for making a Brady claim." "That ordinarily establishes the existence of cause for a procedural default." Strickler, 527 U.S. at 289-90; see also Crivens, 172 F 3d. at 995-96. Although Petitioner's claims are not Brady based they are claims born of evidence not known to petitioner before now. Therefore for the Respondent to state as fact to this Honorable Court that Petitioner has no recourse in state court is far reaching and erroneous. because there is such a safety valve in Illinois State Court in the form of a successive post conviction petition. which the Petitioner has properly filed with the Cook County Circuit Court. (See exhibit #1)

3. This Honorable Court should grant Petitioners request for a Stay at least until the Illinois State Court has ruled on whether Petitioner will be allowed to proceed with his successive post conviction petition. Although the Cook County

(3)

Court Docketing statement shows that Petitioner filed his successive post conviction petition on December 5, 2011 (See exhibit #2) this is a error on the part of the Clerk of the Court. Petitioner points this Honorable Court's attention to (exhibit #1) where it clearly shows that Petitioner filed his successive post conviction petition on February 14, 2012, but that it was mailed on January 26, 2012. Even the Judge assigned to review whether to allow Petitioner to proceed with his successive post conviction petition is confused a bit. (See exhibit #3) In response to Petitioner's letter to Judge Gainer, seeking information of the status of his pending petition, Petitioner received from Judge Gainer, a letter stating the resone he had not yet taken action on Petitioner's petition is because it was only one page seeing advise or help in filing a successive post conviction petition. Petitioner never filed such a motion. He did however in late 2011 write a letter seeking help on how to file such a petition. some how the Cook County Court Clerk's office field this letter as the petition. Petitioner has written Judge Gainer, (See exhibit #4) hoping to clear up this error by the Clerk of the Court. Petitioner hopes that bringing this error to Judge Gainer's, attention that he will now quickly decide on whether Petitioner will be allowed to proceed with his successive post conviction petition.

    Petitioner believes that the Respondent has over stepped it's authority in stating that the Petitioner's claims are defaulted and meritless. This ruling is one for the Court to make not the Respondent. That is why Petitioner requests that this Honorable Court will t least Stay his Habeas Petition until he receives a ruling from the State Court, for should The State

(4)

Apr 30, 2012  1:06 PM

Court agree with Petitioner and allow him to proceed, Petitioner believes that he will then be entitled to a Stay from this Honorable Court. Petitioner believes that Rhines -v- Webber, 544 U.S. 269 supports his contention on this issue. The Rhines Court stated, A stay is appropriate only if (1) there is "good cause for the petitioner's failure to exhaust his claims first in state court," (2) the petitioner's unexhausted claims are not "plainly meritless," and (3) the petitioner is not engaged in "abusive litigation tactics or intentional dely." Rhines, 544 U.S. at 277-78. Petitioner believes that he has fulfilled all three prongs of Rhines, therefore is entitled to a Stay should the State Court allow petitioner to proceed on his successive post conviction petition.

## CONCLUSION

WHEREFORE, Petitioner prays that this Honorable Court will deny the Respondents request for a denial of a Stay. Or in the alternative that this Honorable Court Stay It's ruling on the Respondent's request until the State Court has ruled on if Petitioner will be allowed to proceed with his properly filed successive post conviction petition.

I Swear The above is True & Fact under Penalty of Perjury on 4-30-2012.

Sworn to and Subscribed to
Before me this 30th. Day of
April 2012.

_____
Notary Public

Respectfully Submitted:

/s/ D. Shatner

Darrin W. Shatner
Pro-Se Petitioner
Reg. No. B42950
P.O. Box 1000
Menard, Il. 62259-1000

(5)

Date:     April 27, 2012

To:       The Honorable
          Thomas V. Gainer Jr.
          Associate Judge

From:     Darrin W. Shatner
          Reg. No. B42950
          P.O. Box 1000
          Menard, Il. 62259-1000

Re:       Your letter of April 19, 2012

Your Honor;

Sir, I m responding to your letter dated April 19, 2012. May please open with thanking you for your timely reply to my letter to yourself.

Next there seems to be some type of an error concerning my filing of a First Successive Post Conviction Petition. Judge Gainer, it seems a letter I wrote seeking advice some how was understood by the Clerk of the Court to be a Motion for Leave to file a Successive Post Conviction Petition. I do not know how this happen, but from what you tell me and from what I have read on the computerized docketing statement from the Clerk's office such a motion was filed on December 5, 2011. Your Honor, that letter was never meant to be a motion.

I did mail on January 26, 2012 a Motion for Leave to file a Successive Post Conviction Petition, as well as a request for appointment of Counsel. This was received by the Clerks office on February 7, 2012 and file stamped February 14, 2012. (I am now enclosing two complete copies of what I filed in case the original file stamped copies can not be located by the Clerk of the Court.) It is this Petition that I had written you about seeking information on the status of. The reason the status at this time is so important to me is because due to the time limits set forth relating to the filing of a Federal Habeas Petition I was forced to file a Federal Habeas Petition without fully exhausting certain claims in State Court. Those claims are the ones listed in my Successive Post Conviction Petition. At the time of filing my Federal Habeas Petition I also requested the Federal Court Stay my Petition until I

was able to present my new claims to the State Courts. The State as one would guess is opposing such a Stay. I believe that my new claims both have merit and are new in the sense that I could not have raised them sooner. Therefore I believe that Your Honor will find them not to have been waived, and will allow my Petition to proceed.

Judge Gainer, my next court date in Federal Court if June 5, 2012. what I am seeking is some type of documentation that my Motion for Successive Post Conviction is pending in your Court awaiting a ruling if I will be allowed to proceed.

Your Honor, like I have said I do not know how the mix up occurred but I pray that you will be able to straighten it out. Judge Gainer as you know I do not have Counsel at this time and I myself have a very limited knowledge of how things are to be done. I am trying my very best to do things properly. I am not able to appear on my own behalf at the Status dates you have been setting. Therefore I do not know where to turn or what to do next. I know that you are a extremely busy man with many cases to attend to. I just pray you have the time to help me with this matter.

Judge Giner, I respectfully thank you for your time and help in this matter. I eagerly await your reply.

Respectfully Submitted: _____
Darrin W. Shather



### State of Illinois
### Circuit Court of Cook County
### Criminal Division

Thomas V. Gainer, Jr.  
Associate Judge

2600 South California Avenue  
Room 302  
Chicago, Illinois 60608  
(773) 869-7410

April 19, 2012

Darrin Shatner B-42950  
P.O. Box 1000  
Menard, Illinois 62259

Dear Mr. Shatner,

    I have received your one-page "motion for leave for successive post-conviction" which you filed with the Clerk of the Circuit Court of Cook County on December 5, 2011. I have taken no action on your motion because you have not alleged any facts for the court to consider.

    In your motion you ask the court to send "rules and guidelines required so defendant can properly file" a successive post-conviction petition. While I cannot give you legal advice or in any way assist you in preparing your *pro se* pleading, I can direct your attention to the Post-Conviction Hearing Act found at 725 ILCS 5/122-1 *et.seq.*

Sincerely,

Thomas V. Gainer, Jr.  
Associate Judge  
Circuit Court of Cook County

Apr 30, 2012   1:07 PM

IN THE CIRCUIT COURT OF COOK COUNTY

CRIMINAL DIVISION

| | | |
|---|---|---|
| DARRIN SHATNER, | ) | |
| PETITIONER, | ) | |
| -v- | ) | CASE NO.: 91-CR-2026 |
| PEOPLE OF THE STATE OF ILLINOIS | ) | THE HONORABLE |
| RESPONDENT, | ) | FRED ~~SRUIA~~ Suria Jr. |
| | ) | PRESIDING JUDGE |

## PETITIONER'S MOTION FOR LEAVE TO FILE HIS
## FIRST SUCCESSIVE POST CONVICTION PETITION

Now comes Darrin Shatner, Petitioner by and through himself Pro-Se, in accordance with the Post Conviction Hearing Act, 725 I.L.C.S. 5/122-1(F) et.seq., and respectfully requests that this Honorable Court grant him leave to file his first successive Post Conviction Petition, attached as EXHIBIT #1. In support of thethis Motion the Petitioner states the following:

1. On May 17, 1993, Petitioner was convicted of Murder, Arson, and Armed Robbery. Petitioner is innocent of these crimes. He was wrongfully convicted due to ineffective assistance of his Trial Counsel. It has just recently come to the attention of the Petitioner that his Trial Counsel had a severe DRUG ADDICTION before, during, and after Petitioner's trial. That during his representation of Petitioner, Trial Counsel was seriously impaired due to his drug usage, which the Petitioner has just been able to confirm by way of an Affidavit of a man who has first hand knowledge of Trial Counsels drug abuse.

(1)

2.
Petitioner's family paid $27,500.00 to Mr. Cheronis to represent Petitioner at trial in the case at bar. Sadly it appears that Petitioner's Trial Counsel was using that money to supply his addiction rather than on Petitioner's defense. The issue of Petitioner's Trial Counsel being impaired at the time of trial needs to be investigated, the only avenue left open to Petitioner at this point to receive JUSTICE is by way of this Petition. (See exhibit "A" of attached exhibit #1).

3. Trial Counsel deceived Petitioner when Trial Counsel told Petitioner to waive having a Jury decide if he was eligible to receive a DEATH sentence. Trial Counsel stated that he knew the Judge and that he would not sentence Petitioner to DEATH or even LIFE, this was a complete deception on the part of Trial Counsel. Trial Counsel was just seeking the fastest way possible to end his representation of Petitioner so he could go out and find his next victim.

4. Had Trial Counsel provided effective assistance, Petitioner would not have been found DEATH eligible, therefore he would not now be serving a life sentence. all the miscues that occurred during Petitioner's trial as well as sentencing can now be explained in a rational manner. What once was thought to be trial strategy on the part of Trial Counsel is now exposed for what it truly was a drug addict playing at being an Attorney, trying to obtain money for his next fix, trying to hide his addiction from the Court, and just moving through cases as fast as possible so he could go out and seek his next victim.

(2)

5. Trail Counsel was grossly ineffective for failing to or intentionally omitting the fact to the Petitioner that all it would have taken was one Jury member to vote no on the question of was Petitioner, eligible for DEATH to prevent not only him receiving the DEATH sentence but LIFE as well. Trial Counsel knew using a Jury to decide this question could have added days to this process, and from the newly discovered evidence we now know that was the last thing Trial Counsel wanted to happen. He was a drug addict, severely abusing both drugs and alcohol, Petitioner had little if any chance of proving his innocence with the odds so severely stacked against him, The State believing he was guilty, so much so that they refused to investigate the fact that their star witness was in fact the arsonist in this case, and the one who struck the fatal blow to the victim, however the State was so fixated on convicting Darrin Shatner, that it never even charge Ms. Rogaz. Then there was the Judge who made his bias known when it came to Petitioner's drug use, when his drug use was brought to the attention of the court to show that statements made were not knowingly informed, Judge Mannion chose to say he did not believe Petitioner was intoxicated when he was arrested, however just ten days later when finding Petitioner eligible Judge Mannion made it a point to stress how Petitioner was intoxicated when he was arrested. this was a true conflicting ruling on the part of Judge Mannion. Lastly Petitioner's Trial Counsel who was retained/hired to represent/protect Petitioner grossly failed him. Trial Counsel was impaired, and from his level of representation one can now conclude that Petitioner would have just done as good of a job himself. Petitioner received no

(3)

protection what so ever, his life was on the line and he was hung out to dry. Petitioner has good cause to have issues fully heard before this Honorable Court.

6. Petitioner has just recently come into possession of new scientific evidence that shows a human brain is not fully developed until around the age of twenty-five years old. Petitioner was just fifty-one days into his nineteenth year of life when this crime occurred, well below this threshold of full development. Petitioner implores this Honorable Court to use hindsight to ask the following questions:

(A). Is this newly discovered evidence? Yes it is. Was it available at the time of trial or sentencing? No.

(B). Had this new evidence been available at the time of trial would it have been admissible? Yes, Petitioner contends it would have been admitted.

(C). Had this evidence been used to it's fullest during trial is there a strong likely hood the out come would have been different? Petitioner believes yes it would have.

(D). If this new evidence were to be used at sentencing [assuming Petitioner would have been found guilty with this new evidence being used] is there a strong likely that the sentence would have been different? Petitioner, believes yes it would have. These are the questions that can only be fully answered with a complete and full evidence hearing. Petitioner's life hangs in the balance of this Honorable Courts ruling therefore petitioners begs this Honorable Court to allow the filing of the attached Petition for Post Conviction Relief, so that a full and complete third stage hearing can be had where the entire full truth can finally be revealed.

(4)

7. The newly discovered evidence is scientific in nature, (See exhibit "C" in exhibit #1). This new evidence can now be used to explain much of what happen to Petitioner not only prior to this crime but to help explain his true state of mind and ability to make decisions. Since this evidence is scientific in nature and newly discovered, this Honorable Court must consider the impact it would have had if it were used in the original trial and sentencing hearing. It has been held that where the evidence is scientific in nature and was not previously available, a Petitioner is entitled to file a Successive Post Conviction Petition on that claim. People -v- Barksdale, 372 Ill. App. 3d. 422, 430, 762, N.E. 2d. 669,676 (1st. District).

8. Whenever a Petitioner makes a substantial showing of a violation of Constitutional Rights an evidentiary hearing is required. People -v- Whitfield, 217 Ill 2d. 177, 207, 840 N.E. 2d. 658, 676 (2005) (citing Coleman 183 Ill. 2d. at 381, 701 N.E. 2d. at 1071). "When the Petitioner's claims are based on matters outside the record, it is not the intent of the Act that such claims be adjudicated on the pleadings". Whitfield, 217 Ill 2d. at 207, 840 N.E. 2d. at 676 (citing People -v- Simms, 192 Ill. 2d. 348, 360, 736 N.E. 2d. 1092, 1105 (2000); People -v- Kitchen, 189 Ill. 2d. 424, 433, 727 N.E. 2d. 189, 194 (1999); Coleman, 183 Ill. 2d. 382, 701 N.E. 2d. at 1072). The well pleaded facts and supporting Affidavits presented in Petitioner's Petition for Post Conviction Relief (See exhibit #1) constitute a substantial showing that his Constitutional Rights were violated. Therefore Petitioner believes that he is entitled to receive permission from this Honorable Court to file his

first Successive Post Conviction Petition, for only a full and complete third stage hearing can fully develop all the evidence needed for the Petitioner to show how his Constitutional Right were violated.

## PROCEDURAL HISTORY

1. On May 17, 1993, Petitioner was convicted of Murder, Arson and Arm Robbery by a Jury.

2. On May 19, 1993 Petitioner was sentenced to DEATH by the Court, absent Jury, by Judge Mannion, in the Criminal Division of Cook County, Illinois.

3. On September 19, 1996, The Illinois Supreme Court AFFIRMED Petitioner's conviction and sentence.

4. On November 25, 1995 Petitioner, filed a Post Conviction Petition.

5. In July of 1996 the State Appellate Defender's office was appointed to Petitioner's case.

6. On October 18, 1997 Private Counsel was given leave to file his appearance, Counsel was paid by the Capital Litigation Division.

7. On April 13, 1998 Judge Mannion, dismissed Petitioner's Post Conviction Petition.

8. In May of 1998, Judge Mannion, denied Petitioner's Motion to reconsider, on the grounds that he Didn't want to hear the Shatner case!

(6)

9. On May 8, 1999, the Illinois Supreme Court vacated the order of the Trial Court and remanded Petitioner's Post Conviction Petition back to Circuit Court for a hearing to be conducted in compliance with People -v- Bounds, 182 Ill. 2d. 1 (1998).

10. On January 10, 2003, former governor Ryan commuted Petitioner's sentence to Natural Life.

11. On January 20, 2005, Private Counsel Mr. thomas Peters, filed a second amended Post Conviction Petition.

12. On July 5, 2006, Judge Suria Jr.., dismissed Petitioner's Post Conviction Petition, just two days before he retired.

13. On November 30, 2006, Petitioner's Counsel filed Notice of Appeal.

14. In December of 2010 the Illinois Appellate Court AFFIRMED the Circuit Courts dismissal of Petitioner's post Conviction Petition.

15. Petitioner's Counsel Mr. Thomas Peters, then filed leave to Appeal to the Illinois Supreme Court.

16. in September of 2011 Petitioner, learned that his Mr. thomas Peters, had died sometime in July of 2011.

17. In late October 2011, Petitioner was informed that his Petition for Leave to Appeal to the Illinois Supreme Court was denied on September 28, 2011.

18. Petitioner, now comes before this Honorable Court to file his first Successive Post Conviction Petition, in order to comply

with Federal Rules regarding all issues must first he presented before the State's Highest Court, which means Petitioner, must first present his new Constitutional violation claims before this Honorable Court.

## CONCLUSION

**WHEREFORE**, Petitioner, believes that he has demonstrated good cause for not raising these claims sooner. That the claims raised rise to the level of substantial Constitutional violations. Petitioner's Trial Counsel was severely addicted to drugs and alcohol, this in its self would be enough to demand a new trial be ordered. However there is much more, the trial Judge clearly chose to impart his personal feelings concerning drug use into these proceedings. Petitioner was denied effective assistance of Counsel through out this entire process to date, surely at some point one of Petitioner's Attorneys would have brought the claim of Due Process violation with the clearly conflicting rulings by Judge Mannion in this matter before trial and at sentencing. Then there is the newly discovered evidence that is scientific in nature that now shows that a human brain does not fully develop until at least age twenty-five. this evidence in its self would have after a fair trial had Petitioner been found guilty changed the out come of sentencing. Clearly this new evidence would have most likely changed the out come of the finding of Petitioner eligible for DEATH. For all the Foregoing stated issues, Petitioner respectfully requests that this Honorable Court grant him leave to file his First Successive Post Conviction Petition. Attached hereto as EXHIBIT #1.

Respectfully Submitted: *Darrin Shatner*

Darrin Shatner
Pro-Se,
Reg. No. B42950
P.O. Box 1000
Menard, Il.
62259-1000

Petitioner declares under penalty of perjury that the foregoing Motion For leave to file his First Successive Post Conviction Petition as well as the Petition its self attached as EXHIBIT #1 are true and correct both in fact and substance to the best of his personal knowledge as of the undersigned date.

/s/: *Darrin Shatner*
　　　Darrin Shatner

Sworn to and Subscribed to

Before Me This 25th Day of

January, 2012.

*Jennifer Clendenin*
Notary Public

```
OFFICIAL SEAL
JENNIFER CLENDENIN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES
10/5/2013
```

(9)