# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0047 | **DATE** | July 5, 2012 |
| **CASE TITLE** | U.S. ex rel. Darrin Wayne Shatner (B-42950) vs. Atchinson | | |

**DOCKET ENTRY TEXT**

Petitioner's motion for a stay and abeyance [3] is granted, and Respondent's motion to withdraw objection [26] to a stay is granted. For the reasons explained in the Statement below, this case is stayed. To lift the stay after the state-court proceedings (assuming he does not obtain relief in state court), Petitioner must file a motion (using the same title and case number stated above), notifying this Court that he has presented his claims at each level of state-court review, that his state-court proceedings are no longer pending, and that he seeks to lift the stay and proceed with a § 2254 petition. Petitioner must file the motion to lift stay **within 45 days** of the date his state-court proceedings are no longer pending. Along with the motion, Petitioner must also submit an amended habeas petition setting forth his claims and the facts underlying his claims. Respondent need only enter an appearance at this time, and need not answer the petition in this case, for now. To monitor the progress of Petitioner's state post-conviction proceedings, Petitioner is directed to submit a status report regarding the progress of those proceedings by December 31, 2012 (unless he has already filed a motion to lift the stay). In light of the stay, Petitioner's motion for a temporary restraining order for law library access and return of typewriter [22] is denied without prejudice as moot.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Petitioner, Darrin Wayne Shatner, seeks a writ of *habeas corpus* against Menard Correctional Center Warden, Mike Atchison, pursuant to 28 U.S.C. § 2254. Petitioner has moved to stay and hold in abeyance his federal habeas petition in order to allow him to exhaust some claims. Respondent initially objected, but now agrees that the case should be stayed.

     The start of the state criminal prosecution dates back almost 20 years. After a May 1993 jury trial in the Circuit Court of Cook County, Petitioner was convicted of murder, armed robbery, and arson. He was sentenced to death. Petitioner appealed his conviction and sentence to the Illinois Supreme Court. The Illinois Supreme Court affirmed the conviction and sentence. *See People v. Shatner*, 174 Ill. 2d 133 (1996). In 2003, Petitioner's sentence was commuted to a term of life in prison.

     In November 1995, while his direct appeal was pending, Petitioner filed a post-conviction petition in the state trial court. The state court denied the petition in April 1998, but in June 2000, the Illinois Supreme Court vacated the denial and remanded for further proceedings. The matter was repeatedly continued "by agreement" until July 2006, when the Petitioner's amended post-conviction petition was dismissed. The Illinois Appellate Court affirmed the dismissal of the post-conviction petition, and the Illinois Supreme Court denied leave to appeal in September 2011. In February 2012, Petitioner sought leave to file a successive post-conviction petition in state court. On May 18, 2012, Petitioner's motion to file a successive post-conviction petition in state court was granted and a public defender was appointed to represent Petitioner in that matter.

     Petitioner filed this federal habeas petition in January 2012. Petitioner also filed a motion to stay to this case because the successive state-court post-conviction petition raises four "new" claims that he includes in his present federal habeas petition, but have not been ruled on by the state court. The four "new" claims are labeled "Grounds" 11 through 14 of his habeas petition:

     Ground 11:    Trial counsel was ineffective because he was "addicted to drugs and
                     was said to have been using before, during, and after" trial and sentencing;
     Ground 12:    Ineffective assistance of appellate counsel because appellate counsel failed

         to use information provided by Petitioner to demonstrate ineffective assistance of trial counsel;
Ground 13:  New scientific evidence regarding the maturation of the human brain entitles Petitioner to a new sentencing hearing: and
Ground 14:  Petitioner was denied his right to a fair trial because the trial judge had a bias against drug users; trial counsel was ineffective for not challenging the bias; and appellate counsel, post-conviction counsel, and post-conviction appellate counsel were ineffective for not raising the issue.

  The parties have briefed the stay motion. Petitioner's sur-reply includes a copy of the state-court order, which shows that Petitioner's motion for leave to file a successive state-court post-conviction petition was granted by the state court.

  A "mixed" habeas petition contains both claims that the petitioner has exhausted in state court and ones which he has not. *See Rose v. Lundy*, 455 U.S. 509 (1982). The court has discretion to stay "mixed" petitions for habeas relief in situations in which outright dismissal of a mixed petition could jeopardize a petitioner's ability to later file a timely habeas petition, such as when the petitioner files his application "close to the end of the 1-year [statute of limitations] period." *Rhines v. Weber*, 544 U.S. 269, 275 (2005). This Court can neither (1) address a claim in a § 2254 proceeding that has not been exhausted, *i.e.*, fairly presented at each level of state court review (except in exceptional circumstances where the petitioner demonstrates cause and prejudice or that he is actually innocent), *see* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); nor (2) address a claim that is currently pending in state court. Generally, when a petitioner files a federal § 2254 petition while his state post-conviction petition is pending, the federal matter should be stayed. *See Arrieta v. Battaglia*, 461 F.3d 861, 866 (7th Cir. 2006); *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006).

  Here, Petitioner has pursued a complete round of direct appellate review and a complete round of post-conviction review in state court as to all of his claims except Grounds 11 through 14. Petitioner argues that the present case should be stayed because the state court, having granted leave to file a successive post-conviction petition, will now consider the unexhausted claims. Respondent initially resisted the stay, but now concedes that a stay is appropriate in light of the authorization to file a successive state petition.

  Based on the above, Petitioner has demonstrated that a stay is appropriate in this matter. Petitioner's motion for a stay and abeyance [3] is granted. The case is stayed. To lift the stay after the state-court proceedings (assuming he does not obtain relief in state court), Petitioner must file a motion (using the same title and case number stated above), notifying this Court that he has presented his claims at each level of state-court review, that his state-court proceedings are no longer pending, and that he seeks to lift the stay and proceed with a § 2254 petition. Petitioner must file the motion to lift stay **within 45 days** of the date his state-court proceedings are no longer pending. Along with the motion, Petitioner must also submit an amended habeas petition setting forth his claims and the facts underlying his claims. Respondent need only enter an appearance at this time, and need not answer the petition in this case, for now. To monitor the progress of Petitioner's state post-conviction proceedings, Petitioner is directed to submit a status report regarding the progress of those proceedings by December 31, 2012 (unless he has already filed a motion to lift the stay). In light of the stay, Petitioner's motion for a temporary restraining order for law library access and return of typewriter [22] is denied without prejudice as moot.